CHARLES A. BURKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burke v. Commissioner
Docket No. 15684-88
United States Tax Court
T.C. Memo 1989-671; 1989 Tax Ct. Memo LEXIS 671; 58 T.C.M. (CCH) 1022; T.C.M. (RIA) 89671; December 26, 1989
Charles A. Burke, pro se. John Aletta, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency in petitioner's 1984 Federal income tax and additions to tax as follows: Deficiency
sec. 6661 [1]
sec. 6653(a)(1)
sec. 6653(a)(2)
$ 10,785
$ 2,696.25
$ 539.25 *
*672 Respondent also seeks damages not to exceed $ 5,000 under section 6673. After concessions, the issues are: (1) whether petitioner received $ 34,426 of unreported gross receipts during 1984; (2) whether petitioner is subject to an addition to tax under section 6661; (3) whether petitioner is subject to additions to tax under section 6653(a)(1) and (a)(2); and (4) whether damages shall be awarded under section 6673 for instituting and maintaining a frivolous suit. FINDINGS OF FACT Some facts are stipulated and are found accordingly. Petitioner resided in East Hartford, Connecticut when his petition was filed. Petitioner reported his income for the calendar year 1984 on the cash basis method of accounting. During 1984, petitioner owned five parcels of real estate in East Hartford, Connecticut. These properties were: 26 Sisson Street; 217, 219, and 221 Burnside Avenue, and 99 Tolland Street. During 1984, petitioner operated rooming houses at 26 Sisson Street, 217 and 219 Burnside Avenue, and in one-half of 99 Tolland Street. Petitioner resided in the other half of his Tolland Street property and operated a barbershop at 221 Burnside Avenue. For the years 1980, 1981, and *673 1982, petitioner reported gross receipts from the rental of his rooming house properties as follows: Gross Receipts
217 & 219
1/2 of
Year
26 Sisson
Burnside
Tolland
Total
1980
$ 13,820
$ 27,495
$ 3,920
$ 45,235
1981
13,140
29,960
3,920
47,020
1982
15,575
35,210
2,660
53,445
The only income petitioner reported from any of the above properties for 1984 was $ 1,750 of gross receipts from half of the Tolland property. Petitioner also reported income from the operation of his barbershop for 1984. Petitioner executed a document labeled a lease pertaining to 26 Sisson and 217 & 219 Burnside purporting to lease these properties to the Universal Life Church of Modesto, California (ULC-Modesto) for $ 2 per year. Petitioner owned, managed, and operated the properties purportedly leased to ULC-Modesto. During 1984, petitioner maintained and had signatory power over four active bank accounts. These accounts were (1) an account in the name of the ULC-Modesto with a mailing address of 221 Burnside Avenue, East Hartford, Connecticut, at the Connecticut Bank and Trust Company of Hartford, Connecticut; (2) an account *674 in the name of Christian American Brothers, Charles Burke, President, at Connecticut National Bank of Hartford, Connecticut; (3) an account in the name of Charles Burke at Colonial Bank of Hartford, Connecticut; and (4) an account in the name of Charles Burke at First Federal Savings and Loan Association of East Hartford, Connecticut. Petitioner kept no or inadequate records of his financial transactions for 1984. Respondent used the net-bank-deposits-plus-cash-expenditure method of determining petitioner's gross receipts. Petitioner received $ 49,030 in gross receipts during 1984, $ 14,604 of which he reported, leaving $ 34,426 of unreported gross income. OPINION Petitioner bears the burden of proving that the deficiency, as determined by respondent, is incorrect, and further proving the correct tax. Rule 142(a); ; , affd. . The Court need not accept testimony or evidence presented if the circumstances surrounding the transactions at issue do not lend credence to such evidence. , *675 remanding on other grounds a Memorandum Opinion of this Court. Petitioner maintains that the only receipts reportable by him in 1984 were the $ 14,604 which he reported. He contends that he did not receive the income attributed to him because all funds deposited in the accounts under his name and Christian American Brothers were from nontaxable sources, primarily gifts from his parents. On this point, petitioner presented the following evidence: his own testimony; a copy of a letter purportedly from his father stating a check for $ 6,000 was enclosed as a gift; and a copy of the front, but not the back, of a check allegedly from his father and made out to Charlie A. Burke for $ 6,000. However, the names on the check were "Smithy's Used Car Sales" and "Mr. R. L. Smithy," and there were no markings on this check to indicate if it had ever been cashed. No one other than petitioner who would have had knowledge of the gifts testified. Petitioner also maintains that $ 4,000 of deposited funds were the repayment of a loan to his former lawyer to purchase a car. No terms or documentation of the purported loan were offered. We find petitioner's testimony to be less than credible and *676 lack of extrinsic evidence in support of his testimony further undermines his nontaxable source argument. Petitioner did not meet his burden of proof on these explanations. Petitioner further contends that during 1984, he had leased his income properties at 26 Sisson and 217 & 219 Burnside to ULC-Modesto for a total of $ 2 per year in order to make a contribution to the "church." Petitioner introduced a ULC-Modesto corporate resolution authorizing petitioner to open bank accounts in ULC-Modesto's name and a document labeled lease executed by petitioner and officials of ULC-Modesto pertaining to the 26 Sisson and 217 & 219 Burnside properties. Petitioner contends that rents from these properties were attributable to ULC-Modesto and not to him, and were deposited in the account opened in the name of ULC-Modesto. However, petitioner exercised dominion and control over the properties and the bank account. He owned, managed, maintained, and collected the rents from the properties. He had signatory power and complete control over the bank account. There is no evidence that ULC-Modesto did anything other than provide the perfunctory corporate resolution. Petitioner alleged in a 1987 *677 lawsuit in Federal court that an unlawful arrest in 1984 caused him to lose "income from his employment as an owner and manager of a rooming house * * *." (Emphasis added.) Thus, petitioner's assertion in his lawsuit that he suffered a loss of income from his properties during 1984 is inconsistent with his representations that the income belonged to the ULC-Modesto. If he had received income as a manager for ULC-Modesto, it never found its way to petitioner's tax return. We find that the lease is meaningless. There is no evidence that the lease shifted any of the benefits and burdens of ownership from petitioner to ULC-Modesto. Petitioner's argument that the income earned from his operation of rooming houses should be attributed to the ULC-Modesto is without merit. Petitioner presented no other evidence or arguments. He has failed to prove that the deficiency determined by respondent is incorrect. The second issue is whether petitioner is liable for an addition to tax under section 6661 for a substantial understatement of income tax due. ; see . *678 An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A)(i) and (ii). Petitioner understated his 1984 income tax in the amount of $ 10,785. Accordingly, he is liable for an addition to tax under section 6661 in the amount of $ 2,696.25. The third issue is whether petitioner is liable for additions to tax under section 6653(a)(1) and (2) due to negligence or intentional disregard of rules or regulations. ; . Petitioner's income tax returns for 1980, 1981, and 1982 reported the rental income and were audited. The focus of the audit concerned charitable deductions to the Universal Life Church. Petitioner filed a refund suit following that audit, and lost that lawsuit. From the outcome of this prior case, petitioner should have known that he had unreported income for 1984. Petitioner was well aware of his income from his rental properties as he himself was operating such properties. Petitioner is liable for additions to tax under section 6653(a)(1) of $ 539.25 and *679 50 percent of the interest due on $ 10,785 under section 6653(a)(2). The fourth issue is whether damages against petitioner should be awarded to the United States under section 6673 for instituting a frivolous law suit. Under section 6673, damages of up to $ 5,000 may be awarded to the United States against a taxpayer who institutes or maintains a frivolous proceeding in the Tax Court. Sec. 6673. In the past, this Court has awarded damages to the United States and against taxpayers who have brought actions based on arguments that have previously been rejected. . Petitioner's action is based primarily on the argument that it is unconstitutional for the Federal government to tax him. His is a tired constitutional argument, and only a slight variation of the usual ULC theme as it revolves around a sham lease rather than charitable deductions. Therefore, petitioner knew or should have known that his suit was unreasonable, unwinable, and as such, frivolous. Accordingly, we award damages to the United States under section 6673 in the amount of $ 5,000. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on the deficiency.↩